**BAUS, Petitioner, v. ALVIS, Warden, Respondent.**

Common Pleas Court, Franklin County.

No. 196495.   Decided November 29, 1956.

James A. Baus, No. 99617, in propria persona.

C. William O'Neill, Atty. Genl., John W. Shoemaker, Asst. Atty. Genl., for respondent.

## OPINION

By BARTLETT, J.

This is a proceeding in habeas corpus. The petitioner was indicted with two other men on September 15, 1955, on a charge of unlawfully killing Glenn Farmer, a guard in the Lima State Hospital, on the 21st day of July, 1955, while said defendants were prisoners in the custody of the guards of said hospital, contrary to §2901.03 R. C.

The record shows that the defendant Baus, having previously entered a plea of not guilty by reason of insanity, the Court designated two disinterested persons to examine said defendant; a hearing was had on December 19, 1955, upon the insanity of said defendant; and thereupon the Court found the defendant legally sane and the defendant was remanded to jail.

On the same day the defendant came into open court in the custody of the Sheriff and represented by counsel, and in writing withdrew his former plea of not guilty and not guilty by reason of insanity to the indictment, and entered a plea of guilty to second degree murder and waived his right to a trial by jury. Thereupon the Prosecuting Attorney and the Court accepted said plea of guilty to second degree murder, and the Court sentenced the defendant to be imprisoned for life in the Ohio Penitentiary.

The petitioner bases his claim of unlawful imprisonment upon two grounds:

1. **Sec. 2901.03 R. C.,** is a violation of the 14th Amendment to the United States Constitution. Habeas Corpus will not lie to test the constitutionality of a statute in favor of the convict, since the trial court had jurisdiction to determine the question of constitutionality; and the Writ of Habeas Corpus cannot be made a substitute for an appeal. **Yutze v. Copelan, 109 Oh St 171.**

2. The petitioner asserts that second degree murder is not an included offense in the crime of first degree murder for killing a guard, as defined by §2901.03 R. C.; and since he was sentenced for a crime not included in his indictment, his present commitment is void.

"In all cases of criminal homicide, the crime is graduated, and may be one or the other of the three degrees;"
and the jury

"must determine or ascertain, from the evidence before them, of which of the three degrees of the crime the defendant is guilty **as he stands charged in the indictment.** * * * Murder by means of poison cannot be made an exception." **Robbins v. State, 8 Oh St 131, 195.**

"The current of decision in this state justifies the conclusion that an indictment good as to murder in the first degree embraces, necessarily, the lower grades of homicide, and that when this is the case presented, the jury may, if the facts proven warrant it, acquit of the graver offense and convict of the lower." (Citing numerous Ohio cases.) **Lindsey v. State, 69 Oh St 215, 235.**

In the Lindsey case, murder, while attempting to commit a robbery, was not an exception to the rule.

The indictment in the instant case was based on §2901.03 R. C., which in part is as follows:

"No convict or prisoner employed at work or at a place provided by law, in the custody of guards or officers, shall kill one of such guards or officers or inflict injuries upon him which result in death.

"Whoever violates this section is guilty of murder in the first degree and shall be punished by death unless the jury trying the accused recommends mercy, in which case the punishment shall be imprisonment for life. * * *."

Sec. 2901.05 R. C., provides:

"No person shall purposely and maliciously kill another. Whoever violates this section, except in the manner described in §§2901.01, 2901.02, 2901.03, and 2901.04 R. C., is guilty of murder in the second degree and shall be imprisoned for life."

"Where the defendant is indicted and tried for 'purposely and wilfully' killing an officer under §12402-1 GC (now §2901.04 R. C.), and he offers testimony tending to prove that the killing was not done purposely or wilfully, but in a scuffle and unintentionally, it is the duty of the court to charge a lesser degree than murder in the first degree; * * *." Freeman v. State, 119 Oh St 250.

It may be argued that the indictment in the instant case, and the statute on which it is based, do not use the words "purposely and maliciously," to describe the killing; and that consequently, murder in the second degree is not an included offense of first degree murder as defined by that statute. A similar argument was advanced in the Lindsey case, supra, but Judge Spear in delivering the opinion of the court on p. 231, says:

"The specific claim is that the word malice in defining the act of killing, is not found in the indictment. This statement is true. It is true, also, that §7217 R. S., provides that in an indictment for murder in the second degree it shall be sufficient to charge that the defendant did purposely and maliciously kill the deceased. This section does not, however, provide that the words stated are indispensable, and are the only words that may be sufficient in an indictment in defining that crime. The section makes it unnecessary 'to set forth the manner in which, or the means by which, the death was caused,' but an inference does not follow that the indictment may not set forth the manner or the means by which the death was caused, nor that, if such manner and means, as set forth, necessarily import malice and that the killing was therefore maliciously done, that is not the equivalent of a direct charge that the defendant did maliciously kill. It is held in **Robbins v. The State, 8 Oh St 131,** that 'intentional killing by means of administering poison, includes and per se imports malice.' If the inference follows in a killing by administering poison why not in a killing while committing, or attempting to commit, a robbery, as both offenses are covered by the same section of the statute (§6808 GC), which reads: 'Whoever purposely and either of deliberate and premeditated malice, or by means of poison, or in perpetrating or attempting to perpetrate, any rape, arson, robbery, or burglary, kills another, is guilty of murder in the first degree and shall be punished by death, unless the jury trying the accused recommend mercy, in which case the punishment shall be imprisonment

in the penitentiary during life.' Evidently the legislative purpose, in enacting this section, where the murder is charged as murder in an attempt to rob, was to cause an averment of that fact to become a substitute for the averment of deliberation and premeditation required to be charged in terms in the usual indictment for ·murder in the first degree. The indictment does charge in apt words the attempt to rob, and then that the defendant, with others, did unlawfully and purposely discharge their revolver, loaded with gunpowder and a leaden bullet, and by that means of the shooting, strike, penetrate and wound him with the intent to unlawfully and purposely kill and murder him. thereby giving to· him a mortal wound from which he instantly died; and that, by these means, they did unlawfully and purposely kill and murder him. Now, when it is remembered that the rule in Ohio, is and from the earliest time, as shown by the holdings in **The State v. Turner, Wright, 20,** and **The State v. Town,** same **vol., 75** down to **Davis v. The State, 25 Oh St 369,** has been that 'where the fact of killing is proven, malice is to be presumed,' and **Weaver v. The State, 24 Oh St 584,** that 'the shooting with intent to kill being established, the law implies malice; and the malice thus implied can only be rebutted by showing circumstances of justification or excuse,' it would seem that the absence of the word malice from the indictment ought not to render it insufficient as to a charge of murder in the second degree. What necessity, we ask, can there be of incorporating a specific word in an indictment when the full meaning and purpose of such word is conclusively to be inferred from the words which are therein used?"

"In Ohio, where there are degrees of murder, the presumption of law against a prisoner, arising from **the fact of killing,** would only hold him guilty of murder in the second degree." State v. Turner, Wright 20.

"It is the law, that if the killing be proved or admitted, a presumption arises therefrom of guilt of murder in the second degree. If the jury * * * were satisfied by the necessary degree of proof that the defendant shot Corry, then that state of the proof standing alone would have been sufficient to have warranted a verdict of guilty of murder in the second degree, unless circumstances of extenuation or justification appeared from the record in its entirety." **Shinkman v. State, 7 Abs 518, 521**—(Court of Appeals 2nd District, sitting in Cuyahoga County. Hornbeck, J.)

"1. In a prosecution for murder in the first degree, where the crime was committed by means of poison, a jury may render a verdict of murder in the second degree, under the provisions of §13692 **GC.**

"2. Where the jury in the exercise of its discretion returns a verdict of a lesser degree than that charged in the indictment, the defendant can not be ·heard to complain." **Cowdrey v. State, 11 Oh Ap 291.**

Motion for leave to file petition in error overruled, November 11, 1919.

In the foregoing case, Judge Cushing, delivering the opinion of the court on **p. 292,** says:

"When murder has been committed by means of poison, it seems logically incorrect to find the offender guilty of murder in the second degree. Sec. 13692 GC (now §2945.74 R. C.), provides that when an indictment charges an offense, including different degrees, the jury may find the defendant not guilty of the degree charged and guilty of an inferior degree thereof. These statutory provisions relating to crimes must be construed together. * * *"

"When a jury in the exercise of its discretion returns a verdict of a lesser degree than that charged in the indictment, the prisoner will not be heard to complain."

We find the same conclusion was reached in the Lindsey case, supra.

The defendant Lindsey was charged with first degree murder while attempting to commit a robbery, and the jury found murder in the second degree. Defense counsel claimed that the verdict could not be sustained because it should have been either murder in the first degree or an acquittal; and that the trial court erred in submitting verdict forms for lesser degrees.

Spear, J., speaking for the court, answered on **page 233**:

"We see no error in this action of the court **prejudicial** to the defendant." (Emphasis ours.)

In the Cowdrey case, supra, Judge Cushing, speaking for the court, on **p. 293,** says:

"In the absence of a bill of exceptions this court will assume that the trial established a state of facts that would support the verdict and judgment. * * *

" 'In such a case, the reviewing court will presume that the judgment was founded on proper proof.' **Sidener v. Hawes, 37 Oh St 532,** * * *."

By parity of reasoning in a first degree murder case, where a plea of guilty to second degree murder was accepted by the court and sentence pronounced thereon, it will be presumed that there was a proper presentation of facts to the court that would support such sentence and judgment.

This court, therefore, rules that second degree murder is an included offense, where the facts warrant it, in first degree murder as defined by §2901.03 R. C.

The petitioner, having been indicted with two other men, September 15, 1955, on a charge of first degree murder, in the unlawful killing of Glenn Farmer, a guard in the Lima State Hospital, on the 21st day of July, 1955, while said defendants were prisoners in the custody of said guards of said hospital, contrary to §2901.03 R. C.; and thereafter said defendant Baus, the petitioner in the instant case, came into open court represented by counsel, entered a plea of guilty to second degree murder, which plea the court accepted, and then sentenced said defendant Baus to life imprisonment in the Ohio Penitentiary.

This court holds said petitioner cannot complain as to said sentence for life on his plea of guilty to second degree murder; that the petitioner is confined in a legal manner in the Ohio Penitentiary, and, therefore, remands him to the custody of the respondent warden and dismisses the petition herein.

Entry accordingly with exceptions of petitioner.